IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANTONIO L. KNOX,                )
                                )
        Petitioner,              )
                                )
                                )    CIV-13-390-W
v.                              )
                                )
JUSTIN JONES, Director,          )
                                )
        Respondent.              )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se* and *in forma pauperis*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Respondent has moved to dismiss the Petition, and Petitioner has responded to the Motion. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed for failure to exhaust available remedies.

At the time he filed the Petition, Petitioner was incarcerated at the Cimarron Correctional Facility ("CCF"), a private prison.[1] The Petition does not involve Petitioner's confinement at CCF, however. The Petitioner's allegations concern a disciplinary

---

[1]Petitioner has since been transferred to the Northeast Oklahoma Correctional Center, a minimum security facility operated by the Oklahoma Department of Corrections and located in Vinita, Oklahoma.

1

proceeding conducted at Dick Conner Correctional Center ("DCCC") where Petitioner was previously confined.

On May 9, 2012, a DCCC correctional officer authored an offense report charging Petitioner with Individual Disruptive Behavior. The offense report included a description of the offense as follows: "On 5-9-12 at approx[imately] 4:30 p.m. [case manager] Cartwright told this officer that she saw [inmate] Knox # 188170 with a cell phone. This officer went to cell 67 [and inmate] Smith, Nathan # 434883 handed this officer the cell phone." Petition, Ex. A.

Petitioner was provided a copy of the offense report on May 11, 2012, and he requested a hearing. In an incident/staff report, the reporting officer noted that Petitioner was housed in "cell MSU 67" and that when the officer went to this cell a cell phone was handed to the reporting officer by inmate Smith. Petition, Ex. B. Petitioner admits that he and inmate Smith were present in the cell at the time the cell phone was handed to the reporting officer. Petition, at 3. During an investigation of the incident, Petitioner denied ownership of the cell phone. Petition, Ex. C.

At a disciplinary hearing conducted on May 14, 2012, Petitioner was found guilty of the misconduct offense. The hearing report documented the evidence relied on to support the finding of guilt as follows: "The officer's statement that on 5-9-12 at approx. 4:30 p.m. C/M Joyce Cartwright told this officer that she saw I/M Knox # 188170 with a cell phone. This officer went to cell 67 and I/M Smith, Nathan # 434883 handed this officer the cell phone. It is believable that Ms. Cartwright could tell the difference from a distance of ten

feet that Knox, offender, had the phone instead of offender Smith." Petition, Ex. D. Punishment for the misconduct included disciplinary segregation for 30 days and the forfeiture of 365 days of earned credits. Id. The head of the facility affirmed the disciplinary finding and punishment. Id.

Petitioner attempted to appeal the misconduct offense. Petition, Ex. E. In his appeal form dated May 22, 2012, Petitioner asserted multiple grounds for appeal, including the absence of evidence to support the misconduct finding, the absence of a written statement of the evidence used for a determination of guilty, his inability to present relevant documentary evidence, and the failure to provide an impartial hearing officer. Id.

Ms. Debbie Morton, the designated Oklahoma Department of Corrections ("ODOC") administrative review authority ("ARA"), advised Petitioner that his appeal was returned unanswered because he had failed to follow ODOC rules concerning the submission of the appeal. Petition, Ex. F. Specifically, he had not submitted the appeal on the proper appeal form and he did not follow ODOC rules prohibiting "attachment." Id. Petitioner was given ten days to resubmit the appeal.

In an appeal form dated July 5, 2012, Petitioner attempted to resubmit the appeal. Petition, Ex. G. However, the ARA responded in a notice dated July 12, 2012, that Petitioner had failed to follow previous instructions regarding the proper submission of his appeal and he was now out of time. Petition, Ex. H. In a request dated September 11, 2012, Petitioner requested to submit the misconduct appeal out of time. Petition, Ex. I. Although no documentary evidence is provided showing the disposition of this request, Petitioner states

3

that the request was denied.

In his Petition, Petitioner asserts that there was no evidence to show he had possession of a cell phone. With respect to the issue of exhaustion of remedies, Petitioner alleges he "is excused from the exhaustion requirement because state exhaustion is futile." Petition, at 2. Relying on Gamble v. Calbone, 375 F.3d 1021, 1027 (10th Cir. 2004), Petitioner asserts he is not alleging a denial of due process but he is "arguing that there was a lack of evidence" and therefore Oklahoma has no state court remedy.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See Woodford v. Ngo, 548 U.S. 81, 92 (2006); Rose v. Lundy, 455 U.S. 509 (1982). Although 28 U.S.C. §2241 does not contain an explicit exhaustion requirement, exhaustion of available state remedies is required for petitions brought under § 2241. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). See Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." Woodford, 548 U.S. at 90. "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that

4

exhaustion is futile." Garza, 596 F.3d at 1203.

In this case, ODOC records reflect that Petitioner did not exhaust his administrative remedy. Petitioner contends that he should be excused from the administrative exhaustion requirement because ODOC imposed obstacles that prevented him from completing the remedial process. First, Petitioner contends he submitted his administrative appeal to the ODOC's administrative review authority "on June 12th, 2012." Response, at 1. His initial administrative appeal form bears a file stamp showing it was received by ODOC's administrative review authority on June 22, 2012. Petition, Ex. E. This attempted appeal was not returned to him based on its untimeliness, however, so Petitioner's assertion that his initial appeal was timely is irrelevant. Petitioner next contends that he had "30 calendar days to submit [his] Appeal to A.R.A." Response, at 1. He provides no evidentiary support for this assertion. Moreover, the ARA clearly advised Petitioner in the notice dated June 26, 2012, that he had 10 days to resubmit his administrative appeal in order to cure the procedural defects in his initial attempted appeal. Thus, Petitioner has not shown that prison officials created obstacles preventing his completion of ODOC's administrative review process.

Petitioner also failed to pursue the available remedy provided to him under Oklahoma law. Oklahoma provides a statutory remedy for inmates who have had earned credits removed in an institutional disciplinary proceeding. See Okla. Stat. tit. 57, § 564.1 (effective May 10, 2005). The statute requires the state courts to determine whether due process was provided, including "[w]hether any evidence existed in the record upon which the hearing

5

officer could base a finding of guilt." Id. § 564.1(D). The inmate must file his petition seeking judicial review under Okla. Stat. tit. 57, § 564.1 in the state district court within 90 days of the date he or she was notified of the ODOC's final decision in the administrative disciplinary appeal process. Id. § 564.1(A)(1).

Petitioner did not pursue this judicial remedy, and he failed to complete the available administrative remedy. Accordingly, Respondent's Motion to Dismiss the Petition on the ground of Petitioner's failure to exhaust available remedies should be granted and the action should be dismissed on this basis.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED for failure to exhaust available remedies. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___ July 22nd ___, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

ENTERED this _____2nd_____ day of ___July___, 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE