IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

JUL 2 3 2013

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | | |
|---|---|---|
| ANTONIO L. KNOX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-13-390-W |
| | ) | |
| JUSTIN JONES, Director,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

On July 2, 2013, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss Writ of Habeas Corpus filed by respondent Justin Jones, Director, be granted and that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Antonio L. Knox be dismissed because Knox had failed to exhaust his administrative and statutory remedies. Knox was advised of his right to object, see Doc. 16 at 6, and the matter now comes before the Court on Knox's "Timely Objection to Report and Recommendation." See Doc. 17.

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of Jones' motion and Knox's Petition. In his Petition, Knox has challenged a disciplinary proceeding conducted at Dick Conner Correctional Center, which resulted in disciplinary segregation for thirty (30) days and forfeiture of 365 earned credits.

---

[1]Although petitioner Knox named Chad Miller, Warden, as respondent, see Doc. 1, as United States Magistrate Judge Gary M. Purcell determined in his Order issued on May 13, 2013, see Doc. 8, Justin Jones, Director of the Oklahoma Department of Corrections, is the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases.

Although Knox has alleged in his Petition that he should be "excused from the exhaustion requirement because state exhaustion is futile," Doc. 1 at 2, Knox has failed to demonstrate that the Oklahoma Department of Corrections ("DOC") hindered his ability to complete DOC's administrative requirements. Because Knox has likewise failed to show that he pursued the remedies provided to him under Oklahoma law, see 57 O.S. § 564.1, dismissal as requested by Jones is warranted.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 16] filed on July 2, 2013;

(2) GRANTS Jones' Motion to Dismiss Writ of Habeas Corpus [Doc. 11] filed on June 12, 2013;

(3) in so doing, DECLINES Knox's request that the Court grant him an extension of time to exhaust available remedies, see Doc. 17 at 1;[2] and

(4) DISMISSES Knox's Petition without prejudice.

ENTERED this 23rd day of July, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[2] In his "Timely Objection to Report and Recommendation," Knox requested that the Court review certain attached information that was submitted to the District Court for Osage County, Oklahoma. See Doc. 17 at 1. No materials were attached to, or accompanied, this document when it was received by the Clerk of this Court.